# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) ) | CASE NO. 17-CR-506 (FAB) |
| vs. | ) ) | SENTENCING HEARING |
| [2] KEVIN JONIEL MENDEZ-BAEZ, Defendant. | ) ) | |

TRANSCRIPT OF SENTENCING HEARING
HELD BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Thursday, July 12, 2018

APPEARANCES:

For the United States:  OMAR A. BARROSO, SAUSA
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, PR 00918

For the Defendant:  YASSMIN GONZALEZ-VELEZ, ESQ.
Gonzales Velez Law Offices
PMB 131 La Cumbre
273 Sierra Morena
San Juan, PR 00926

Produced by mechanical stenography; computer-aided transcription

1          (PROCEEDINGS COMMENCED AT 10:A.M.)

2

3          THE CLERK: Criminal Case No. 17-506, United States
4  of America versus Kevin Joniel Mendez-Baez for Sentencing
5  Hearing.
6          On behalf of the Government, Assistant United
7  States Attorney Omar A. Barroso.
8          On behalf of the Defendant, Attorney Yassmin
9  Gonzalez-Velez.
10         Defendant is present and assisted by the certified
11 court interpreter.
12         MR. BARROSO: Good morning, Your Honor. The
13 Government is ready to proceed.
14         MS. GONZALEZ-VELEZ: Good morning, Your Honor.
15 Yassmin Gonzalez on behalf of the Defendant, and we are ready
16 to proceed.
17         THE COURT: Ms. Gonzalez, is there anything you
18 would like to say on behalf of Mr. Mendez before I pronounce
19 sentence?
20         MS. GONZALEZ-VELEZ: Yes, Your Honor.
21         As this Court should know, in docket 78 is our
22 sentencing memorandum.
23         THE COURT: Yes. Thank you.
24         MS. GONZALEZ-VELEZ: We would also like to add --
25 actually, we would like to provide the Court with some

information regarding the Defendant's State Court criminal case. We made our investigation. And we spoke with the Defendant's State Attorney, Mr. Wilfredo Diaz-Narvaez.

He told us that in this case, Your Honor, there were some shortcomings with regard to the evidence, that basically obliged the Government to make a plea offer at a very early of the proceedings in exchange for the Defendant's waiver of the preliminary hearing. I would like the Court to take notice of that information that would not be in the record of the case.

Also, Your Honor, we believe that the Defendant, as expressed in the PSR, is very repentant of his actions. This is a typical case where the Defendant was in the wrong place with the wrong person at the wrong time. He is aware of that fact.

We would like the Court also to notice PSR paragraph number 13 where the co-Defendant in this case assumed complete responsibility of the arm.

Also, Your Honor, we would like you to consider the special circumstances of this Defendant as thoroughly expressed in our sentencing memorandum regarding his childhood and his particular psychological condition which was unattended for several years.

THE COURT: Yes. And I have read your sentencing memorandum thoroughly, and thank you very much.

1  MS. GONZALEZ-VELEZ: Thank you.

2  THE COURT: Mr. Barroso.

3  MR. BARROSO: Yes, Your Honor.

4  In this case the Defendant was caught on

5  August 24th, 2017, Your Honor, driving an Acura TL, which had

6  been flagged as disappeared by a financial institution,

7  Your Honor.

8  THE COURT: Had been what?

9  MR. BARROSO: Had been flagged as disappeared by a

10 financial institution, Your Honor.

11 THE COURT: Oh, okay.

12 MR. BARROSO: During the intervention, the police

13 seized a Glock pistol, Model 23, .40 caliber, which had been

14 modified with a chip, Your Honor, to fire automatically,

15 which was loaded with a high capacity magazine with 22 rounds

16 of 29 rounds possible, and, also, inside the vehicle, an

17 additional two fully loaded pistol magazines were found,

18 Your Honor.

19 The Defendant committed the instant offense while

20 on probation, on State probation for attempted murder,

21 Your Honor, aggravated damages, possession of a firearm, and

22 brandishing of that firearm, Your Honor.

23 He was sentenced to seven years' probation for

24 attempted murder of a police officer, Your Honor.

25 The fact that the Defense attorney --

1         THE COURT: Probation for attempted murder?

2         MR. BARROSO: Of a police officer, yes, Your Honor.

3         THE COURT: Okay.

4         MR. BARROSO: The fact that the Defense attorney for Mr. Mendez-Baez in the State case said that there were some problems with the evidence does not --

7         THE COURT: It's still a conviction.

8         MR. BARROSO: Exactly, Your Honor. It's a conviction for attempted murder, Your Honor.

Also, the Defendant has a nontrivial arrest record, Your Honor. He has been arrested at least four times; two times for assault and battery. Those cases were not prosecuted, but he was, in fact, arrested.

Actually, he was arrested after -- he was arrested for possession with intent to distribute two years after he started his State probation, Your Honor.

And then he was -- so this particular Defendant, Your Honor, because of the characteristics of the offense and the nature of his past offenses, Your Honor, we believe needs higher deterrence than most, Your Honor.

The fact that he was, after being convicted of attempted murder of a police officer, caught with possession of a different weapon, Your Honor, would suggest to us that he has not yet learned his lesson, and the Court should impose a sentence that -- according to the severity of the

1  crime, which is why we are requesting that the Court sentence
2  him at the higher end of the guideline for a term of
3  41 months, Your Honor.
4          THE COURT: Ms. Gonzalez, your recommendation is
5  the lower end?
6          MS. GONZALEZ-VELEZ: Yes, Your Honor.
7          THE COURT: Mr. Mendez, is there anything you would
8  like to say?
9          DEFENDANT MENDEZ-BAEZ: No.
10         THE COURT: On February 20, 2018, Defendant Kevin
11 Joniel Mendez-Baez pled guilty to Count Two of the indictment
12 in Criminal Case No. 17-506, which charges a violation of
13 Title 18, United States Code section 922(g)(1), being a
14 convicted felon in possession of a firearm, which is a class
15 C felony.
16         The November 1st 2016 Edition of the Sentencing
17 Guidelines Manual has been used to calculate the guideline
18 adjustments pursuant to the provisions of guideline section
19 1B1.11(a) because no new amendments were promulgated by the
20 United States Sentencing Commission to become effective on
21 November 1, 2017.
22         Based on the provisions of guideline section
23 2K2.1(a)(3), a base offense level of 22 has been determined
24 because Mr. Mendez has been convicted of being a convicted
25 felon in possession of a semi-automatic firearm that is

capable of accepting a large capacity magazine, and Mr. Mendez's prior conviction was a crime of violence, an attempted murder.

The firearm he possessed was modified to shoot automatically. He also had in his possession -- excuse me -- the firearm he possessed, which was a .40 caliber, Model 23 Glock pistol, was modified to shoot automatically.

He also had in his possession an extended 29-round magazine loaded with 22 rounds of ammunition, which was attached to the pistol, and two 13-round fully loaded magazines.

Because Mr. Mendez timely accepted responsibility for his offense, however, his offense level is reduced by three levels pursuant to guideline sections 3E1.1(a) and 3E1.1(b).

There are no other applicable guideline adjustments.

Because Mr. Mendez has been previously convicted by the Superior Court of Carolina, Puerto Rico, for attempted murder, carrying and using a firearm, firing and aiming a firearm, aggravate damages, and resisting or obstructing public authority, for which he was sentenced to seven years of probation, one criminal history point resulted.

Because Mr. Mendez committed this offense while serving a probation term for his previous convictions, two

1  more criminal history points resulted pursuant to sentencing
2  guideline section 4A1.1(d).
3       The total criminal history point score is three,
4  which places him in Criminal History Category II.
5       Mr. Mendez was previously adjudicated as a juvenile
6  for assault charges in Orlando, Florida, but that
7  adjudication does not result in any criminal history points.
8       Mr. Mendez was previously also arrested for transit
9  violations and controlled substance offenses, all of which
10 were dismissed.
11      Based on a total offense level of 19 and a Criminal
12 History Category of II, the guideline imprisonment range for
13 Mr. Mendez's offense is from 33 to 41 months.  There is a
14 fine range of $15,000 to $150,000, plus a supervised release
15 term of one to three years.
16      The probation officer has correctly adjusted the
17 guideline computations, and the pre-sentence investigation
18 report satisfactorily reflects the components of Mr. Mendez's
19 offense by considering its nature and circumstances.
20      The Court has also considered the other sentencing
21 factors set forth in Title 18, United States Code
22 section 3553(a).
23      And, as I mentioned before, I have considered the
24 sentencing memorandum filed on behalf of Mr. Mendez, the
25 argument -- today's argument by counsel, both for the Defense

1  and the Government, and Mr. Mendez decided not to allocute.
2        I did mention that the firearm was altered to shoot
3  automatically.
4        A modern machine gun can fire more than one
5  thousand rounds per minute, which allows a shooter to kill
6  dozens of people within a matter of seconds. Short of bombs,
7  missiles, and biochemical agents, we can conceive of few
8  weapons that are more dangerous than machine guns. They are
9  highly dangerous and unusual weapons that are not typically
10 possessed by law-abiding citizens for lawful purposes.
11       Mr. Mendez is 25 years old. He completed high
12 school through a GED program, was unemployed prior to his
13 arrest for his offense, and has no history of substance
14 abuse.
15       He does have a history of mental health treatment,
16 but is physically healthy.
17       At the time of his arrest, as indicated before, the
18 agents seized a Glock pistol, serial number TYY783, with a
19 29-round magazine attached, loaded with 22 rounds of
20 ammunition, and two additional magazines, each loaded with 13
21 rounds of ammunition.
22       Mr. Mendez has requested a sentence of 33 months.
23 The Government has argued for a sentence of 41 months.
24       The Court finds that a sentence above the guideline
25 range reflects the seriousness of the offense, promotes

respect for the law, protects the public from further crimes by Mr. Mendez, and addresses the issues of deterrence and punishment.

Accordingly, it's the judgment of the Court that Kevin Joniel Mendez-Baez is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months.

Upon release from confinement, Mr. Mendez shall be placed on supervised release for a term of three years to be served under the following terms and conditions:

He shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

He shall not commit another Federal, State, or local crime.

He shall not possess firearms, destructive devices, or other dangerous weapons.

He shall not possess or use controlled substances unlawfully and shall submit to a drug test within 15 days of release from imprisonment.

After his release, Mr. Mendez shall submit to random drug testing, not less than three samples during the supervision period, but not more than 104 samples each year, in accordance with the Drug Aftercare Program Policy of the United States Probation Office, as has been approved by this Court.

1           If the illegal use of controlled substances is
2  detected in any sample, Mr. Mendez shall participate in an
3  inpatient or an outpatient substance abuse treatment program
4  for evaluation or treatment as arranged by the probation
5  officer.
6           Payment shall be based on his ability to pay or the
7  availability of payments by third parties as approved by the
8  Court.
9           He shall participate in transitional and reentry
10 support services, including cognitive behavioral treatment
11 services, under the guidance and supervision of the probation
12 officer.
13          He shall participate in the services until he is
14 discharged by the service provider with the approval of the
15 probation officer.
16          He shall participate in vocational training and a
17 job placement program as recommended by the probation
18 officer.
19          He shall provide the probation officer access to
20 any financial information upon request.
21          He shall remain under curfew at his residence of
22 record from 6:00 p.m. to 6:00 a.m. for a period of six months
23 to commence upon his release from imprisonment.
24          During this time he shall remain in his residence,
25 except for employment or other activities approved in advance

1  by the probation officer.
2          He shall wear an electronic device 24 hours a day
3  and shall observe the rules specified by the probation
4  officer.
5          He is ordered to pay the daily cost of the
6  electronic monitoring device.  Payment shall be based on his
7  ability to pay or the availability of payments by third
8  parties as approved by the Court.
9          In addition to any other telephone or cell phone he
10 may have, Mr. Mendez shall maintain a telephone at his
11 residence without a modem, an answering machine, or a
12 cordless feature during the term of electronic monitoring.
13         He shall participate in an approved mental health
14 treatment program for evaluation and to determine if
15 treatment is necessary.
16         If deemed necessary, the treatment will be arranged
17 by the probation officer in consultation with the treatment
18 provider.  The modality, duration, and intensity of treatment
19 will be based on the risks and needs identified.
20         He will contribute to the cost of those services
21 based on his ability to pay or the availability of payments
22 by third parties.
23         He shall submit himself and his property, house,
24 residence, vehicles, papers and effects, computers and other
25 electronic communication or data storage devices or media to

a search, at any time, with or without a warrant, by the probation officer and, if necessary, with the assistance of any other law enforcement officer, but only in the lawful discharge of the supervision functions of the probation officer, who must have a reasonable suspicion of unlawful conduct or of a violation of a condition of supervised release.

The probation officer may seize any electronic communication or electronic device or medium, which will be subject to further forensic investigation or analysis.

Failure to permit a search and seizure may be grounds for revocation of supervised release.

Mr. Mendez shall warn any other resident or occupant that his premises may be subject to searches pursuant to this condition.

He shall cooperate in the collection of a DNA sample as directed by the probation officer pursuant to the revised DNA collection requirements and Title 18, United States Code section 3563(a)(9).

Having considered Mr. Mendez's financial condition, a fine is not imposed.

A special money monetary assessment in the amount of $100 is imposed by law.

Mr. Mendez, you shall forfeit to the United States, pursuant to Title 18, United States Code section 924(d), and

Joe Reynosa, CSR, RPR
Official Court Reporter

1  Title 28, United States Code section 2461(c), any firearm and
2  ammunition involved or used in the commission of your
3  offense, including but not limited to a Glock pistol,
4  Model 23, .40 caliber, with serial number TYY783, an extended
5  29-round magazine, and two 13-round capacity magazines, and
6  58 rounds of ammunition.
7        Mr. Mendez, you have a right to appeal your
8  conviction and sentence.
9        A notice of appeal must be filed in this court
10 within 14 days from when the judgment of the Court will be
11 entered.
12       You have a right to apply for leave to appeal
13 *in forma pauperis* if you are unable to pay the cost of an
14 appeal.
15       Because you are represented by court-appointed
16 counsel, she will continue to represent you through any
17 appeal, unless a substitute counsel is later appointed.
18       Anything else, Ms. Gonzalez?
19       MS. GONZALEZ-VELEZ: Yes, Your Honor.
20       We would like to request this Honorable Court that
21 the Defendant be enrolled in any psychological treatment that
22 may help him with his condition, any courses as to his
23 interests expressed as a barber, and English courses as a
24 second language, Your Honor.
25       THE COURT: Any particular institution that you

would like me to recommend?

MS. GONZALEZ-VELEZ: He would like any institution available, Your Honor, in the State of Florida.

And, finally, Your Honor, we will respectfully that the sentence imposed by this Honorable Court to be concurrent with any other sentence that will be imposed by the State Court by this case, Your Honor.

THE COURT: Well, that I can agree to.

This sentence will be consecutive to whatever sentence is imposed by the State Court.

I will recommend that Mr. Mendez be designated to an institution in the State of Florida, that while at the institution he take any psychological treatment that may be necessary for him, that he take manage of vocational training to become a barber, or anything else that he may be interested in, and that he take courses in English as a Second Language.

Anything else?

MS. GONZALEZ-VELEZ: Thank you, Your Honor.

THE COURT: You are excused.

MS. GONZALEZ-VELEZ: Permission to withdraw.

MR. BARROSO: Permission to withdraw.

(PROCEEDINGS ADJOURNED AT 10:20 A.M.)

Joe Reynosa, CSR, RPR
Official Court Reporter

# REPORTER'S CERTIFICATE

    I, JOE REYNOSA, Official Court Reporter for the United States District Court for the District of Puerto Rico, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct computer-aided transcript of proceedings had in the within-entitled and numbered cause on the date herein set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

S/Joe Reynosa
_____

**JOE REYNOSA, CSR, RPR**
United States Court Reporter
Federico Degetau Federal Building, Room 150
150 Carlos Chardón Street
San Juan, Puerto Rico 00918-176
(787) 772-3000